IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES JENKINS and ROBERT JENKINS**                                **PLAINTIFFS**

**VS.**                                                **CIVIL ACTION NO. 3:06CV334WA**

**MISSISSIPPI REGIONAL HOUSING
AUTHORITY, No. VI; DR. HICKMAN
JOHNSON, individually and in his official capacity;
CLARENCE SCUTTER, individually and in his
official capacity; JOSEPHINE BYAS, individually
and in her official capacity; FRANK CARTER,
individually and in his official capacity; DAVID
MCLAURIN, individually and in his official capacity;
CLIFTON JONES, individually and in his official capacity;
JAMES F. WRIGHT, individually and in his official capacity;
JOHN M. HALL, individually and in his official capacity;
LONNIE BOYKIN, individually and in his official capacity,
BURNETT BLAIR, individually and in his official capacity
and JAMES RATLIFF, individually and in his official capacity**                **DEFENDANTS**

## ORDER

This matter came before the court on a review of the docket, which revealed that the Plaintiff has filed several motions attempting to recover the costs of personal service of process upon certain Defendants. These Defendants were apparently served with Waivers of Service of Summons by the Plaintiff, in accordance with Fed. R. Civ. P. 4(d)(2), but did not execute or return them. The Plaintiff subsequently effected personal service on these Defendants, and he has submitted evidence of the cost of that service. He has also submitted copies of the Waivers that were sent, which appear to comply with the requirements of Rule 4(d). None of the Defendants has responded to these Motions.

The court finds nothing in the text of Rule 4(d) to indicate that a party must wait until the conclusion of a case to seek reimbursement of the costs of personal service by way of a bill of costs. In fact, the 1993 Advisory Committee Notes to Rule 4 indicate that the award of these costs is not

tied to success on the merits, stating, "It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." Thus, at least one court has ruled that the costs can be awarded during the pendency of a matter. *Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 253-54 (D. Minn. 1997). The undersigned agrees with this reasoning.

IT IS, THEREFORE, ORDERED that the following Motions are hereby **granted**:

1. Plaintiff's Motion that Defendant Josephine Byas Bear Cost of Service of Summons [Doc. #3];

2. Plaintiff's Motion that Defendant Clarence Scutter Bear Cost of Service of Summons [Doc. #4];

3. Plaintiffs Motion Request This to be Paid by the Defendant [Doc. #11];

4. Plaintiff's Motion Request Reimbursement by the Defendant [Doc. #12]; and

5. Plaintiff's Motion for Payment for Costs of Service of Summons [Doc. #47].

IT IS FURTHER ORDERED that, on or before March 19, 2007, the following Defendants will pay the indicated amounts to the Plaintiff:

| | |
|---|---|
| Josephine Byas | $45.00 |
| Clarence Scutter | $55.00 |
| James F. Wright | $45.00 |
| Clifton Jones | $55.00 |
| John M. Hall | $55.00 |
| Hickman Johnson | $45.00 |
| Frank Carter | $45.00 |
| James Ratliff | $45.00 |
| David McLaurin | $55.00 |
| Lonnie Boykin | $45.00 |

IT IS SO ORDERED, this the 22nd day of February, 2007.

                  S/Linda R. Anderson
              UNITED STATES MAGISTRATE JUDGE